## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

| | |
|---|---|
| RICO JARUIASE JOY, ) | |
| ) | |
|       Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:15-06702 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|       Respondent. ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 20.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be dismissed.

### FACT AND PROCEDURE

**A.    Criminal Action No. 4:06-cr-01317:**

On July 18, 2007, Petitioner pled guilty in the United States District Court for the District of South Carolina to one count of Possession of Firearms and Ammunitions by a Convicted Felon

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Armed Career Criminal) in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). United States v. Joy, Case No. 4:06-cr-01317 (D.S.C. October 30, 2007), Document No. 242, 246, 252. On October 30, 2007, the District Court sentenced Petitioner to a 240-month term of imprisonment to be followed by a five-year term of supervised release. Id., Document Nos. 282 and 307. On November 5, 2007, Petitioner filed his Notice of Appeal. Id., Document No. 291. On July 2, 2009, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United States v. Joy, 336 Fed.Appx. 337 (4th Cir. 2009).

**B.     First Section 2255 Motion:**

On September 8, 2010, Petitioner, acting *pro se*, filed in the District of South Carolina a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Smith, Case No. 4:06-cr-01317, Document No. 413. Petitioner asserted the following grounds for relief: (1) Trial counsel was ineffective in advising Petitioner to plead guilty without informing him of the proper maximum term of imprisonment; and (2) Petitioner's conviction was invalid because his possession of a firearm was not in or affecting commerce. Id. The United States filed its Response in Opposition on January 5, 2011. Id., Document No. 430. On January 6, 2011, the United States filed a Motion for Summary Judgment. Id., Document No. 431. Petitioner filed his Response on February 28, 2011. Id., Document No. 446. By Memorandum Opinion and Order entered on October 28, 2011, the District Court granted the United States' Motion for Summary Judgment and dismissed Petitioner's Section 2255 Motion. Id., Document Nos. 451 and 454. On November 7, 2011, Petitioner filed a Notice of Appeal. Id., Document No. 454. By Per Curiam Opinion entered on February 22, 2012, the Fourth Circuit dismissed Petitioner's appeal. United States v. Joy, 466 Fed.Appx. 206 (4th Cir. 2012). By Order entered on April 30, 2012, the Fourth Circuit denied Petitioner's petition for rehearing and rehearing en banc. Smith, Case No. 4:06-cr-01317, Document No. 465.

**C.      Petition for Writ of *Audita Querela*:**

On August 22, 2012, Petitioner filed in the Fourth Circuit Court of Appeals a Petition for Writ of *Audita Querela*. In re: Joy, Case No. 12-2028 (4th Cir.), Document No 1. By Per Curiam Opinion entered on October 15, 2012, the Fourth Circuit denied Petitioner's Petition. In re. Joy, 485 Fed.Appx. 636 (4th Cir. 2012.)

**D.      Second Section 2255 Motion:**

On June 5, 2014, Petitioner, acting *pro se*, filed in the District of South Carolina his Second Section 2255 Motion. Smith, Case No. 4:06-cr-01317, Document No. 516. Specifically, Petitioner asserted that "[i]n light of Descamps and Hemingway, Petitioner is actually innocent of being an Armed Career Criminal pursuant to Title 18 U.S.C. § 924(e)." Id. By Order entered on July 3, 2014, the District Court denied Petitioner's Section 2255 Motion as successive. Id., Document No. 522. On August 28, 2014, Petitioner filed a Notice of Appeal. Id., Document No. 525. By Per Curiam Opinion entered on October 22, 2014, the Fourth Circuit dismissed Petitioner's appeal. United States v. Joy, 585 Fed.Appx. 33 (4th Cir. 2014).

**E.      First Request for Authorization to File a Successive Section 2255 Motion:**

On February 2, 2015, Petitioner filed with the Fourth Circuit a Motion under 28 U.S.C. § 2244 requesting an order authorizing the District Court to consider a second or successive application for relief under 28 U.S.C. § 2255. In re: Joy, Case No. 15-112 (4th Cir.), Document No. 2. In support, Petitioner asserted that the "Descamps argument has just been recognized by the Supreme Court and Hemingway has just been ruled upon by the Fourth Circuit." Id. By Order entered on February 10, 2015, the Fourth Circuit denied Petitioner's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. Id., Document No. 4.

3

F.      **Instant Section 2241 Petition:**

On May 26, 2015, Petitioner, acting *pro se*, filed his instant Petition requesting relief under 28 U.S.C. § 2241. (Document No. 1.) In his Petition, Petitioner alleges that "in light of intervening case law, Petitioner is no longer an armed career criminal and is actually innocent of the armed career criminal conviction and sentence." (Id.) Accordingly, Petitioner requests that this Court vacate this current term of imprisonment and resentence Petitioner without the armed career criminal enhancement. (Id.)

By Order entered on July 14, 2015, United States Magistrate Judge R. Clarke VanDervort ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Document No. 9.) On October 1, 2015, Respondent filed his Response to the Order to Show Cause. (Document No. 14.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "This Petition should be dismissed as inappropriate under 28 U.S.C. § 2241" (Id., pp. 2 – 5.); and (2) "Even if relief under § 2241 were available, Petitioner's claims are without merit" (Id., pp. 5 – 8.).

On December 28, 2015, Petitioner filed his Reply. (Document No. 19.) Petitioner continues to argue that he is entitled to relief based upon Johnson. (Id.) By Order entered on January 6, 2016, the above case was referred to the undersigned for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 20.)

G.      **Second Request for Authorization to File a Successive Section 2255 Motion:**

On March 10, 2016, Petitioner filed with the Fourth Circuit his second Motion under 28 U.S.C. § 2244 requesting an order authorizing the District Court to consider a second or successive application for relief under 28 U.S.C. § 2255. In re: Joy, Case No. 16-223 (4th Cir.), Document No. 2. In support, Petitioner asserted that he was actually innocent of being an Armed Career Criminal

based upon Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Id. By Order entered on April 8, 2016, the Fourth Circuit held the case in abeyance. Id., Document No. 6. By Order entered on April 26, 2016, the Fourth Circuit granted Petitioner's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. Id., Document No. 7.

**H.     Third Section 2255 Motion:**

On April 27, 2016, Petitioner, acting *pro se*, filed in the District of South Carolina his third Section 2255 Motion. Smith, Case No. 4:06-cr-01317, Document No. 571. As grounds for relief, Petitioner argues that "[i]n light of the recent Supreme Court decision in Johnson, Petitioner is actually innocent of being an armed career offender." Id. By Order entered on June 2, 2016, counsel was appointed to represent Petitioner. Id., Document No. 580. The United States filed a Response to Petitioner's Section 2255 Motion stating that it "agrees that Joy's motion to vacate his sentence under Title 28 U.S.C. § 2255 should be granted and that he be resentenced without the Armed Career Criminal enhancement." Id., Document No. 591. By Order entered on July 15, 2016, the Court directed the United States Probation Office promptly prepare a revised Presentence Investigation Report. Id., Document No. 592.

## **ANALYSIS**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255

5

is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence as imposed by the District of South Carolina. Specifically, Petitioner contends that his sentencing enhancement under the ACCA is invalid. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the District of South Carolina. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion. A review of the record reveals that Petitioner has recently obtained authorization from the Fourth Circuit Court of Appeals to file a second or successive Motion and Petitioner's successive Section 2255 Motion is currently pending in the District of South Carolina.[2] In re: Joy, Case No. 16-223 (4th Cir.), Document No. 7

---

[2] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

and Smith, Case No. 4:06-cr-01317 (D.S.C.), Document No. 571. Additionally, the United States has filed a Response agreeing that Petitioner's Section 2255 Motion should be granted and he should be resentenced without the Armed Career Criminal enhancement. Smith, Case No. 4:06-cr-01317, Document No. 591.

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied , 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner

cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. First, Petitioner does not allege an intervening change in law that establishes his actual innocence of the underlying *conviction*. Citing Descamps[3] and Johnson,[4] Petitioner argues

---

[3] In *Descamps v. United States*, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible." Case law, however, indicates that *Descamps* is not retroactive to cases on collateral review. *See United States v. Sanders*, 2013 WL 5707808 (N.D.Ohio Oct. 18, 2013); *Roscoe v. United States*, 2013 WL 5636686 (N.D.Ala. Oct. 16, 2013); *Reed v. United States*, 2013 WL 5567703 (M.D.Fla. Oct. 9, 2013); *Landry v. United States*, 2013 WL 5555122 (W.D.Tex. Oct. 4, 2013).

[4] In *Johnson*, the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. *Johnson*, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or violent felonies. The "residual clause" provided that a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" was considered a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). On April 18, 2016, the

that his prior convictions no longer qualify as violent felonies for the purposes of enhancing his sentence under the ACCA. The undersigned finds that Petitioner's challenge to the validity of his *sentence* based upon Descamps and Johnson does not meet the requirements of the saving clause. See Bennett v. United States, 2012 WL 5511643 (S.D.W.Va. Oct. 23, 2012); also see Farrow v. Revell, 2013 WL 5546155 (4th Cir. Oct. 9, 2013)(unpublished)(petitioner's challenge to his armed career criminal status is not cognizable in a Section 2241 petition because the savings clause only preserves claims in which petitioner alleges actual innocence of his *conviction*); Darden v. Stephens, 426 Fed.Appx. 173 (4th Cir. 2011)(finding that Petitioner could not challenge his *sentence* based upon *Chambers* under a Section 2241 Petition); McCode v. Ziegler, 2015 WL 362657 (S.D.W.Va. Jan. 27, oftline2015)(District Judge Berger)(petitioner's claim that changes in the law disqualified certain prior convictions that were used to enhance his sentence under the ACCA is not cognizable in a Section 2241 petition); Chambers v. United States, 2013 WL 171091, * 3 (W.D.N.C. Jan. 16, 2013)(finding that Petitioner's challenge to his sentence as being impermissibly enhanced based on a prior North Carolina state drug conviction does not come within the purview of § 2241 as outlined in *Jones*); Noggin v. Wilson, 2013 WL 5603226 (E.D.Va. Oct. 11, 2013)(finding that Petitioner could not challenge his *sentence* based upon *Miller* and *Simmons* under a Section 2241 Petition); Moon v. United States, 2012 WL 6212616, * 2 (D.S.C. Dec. 13, 2012)(Since petitioner challenges his armed career criminal sentencing enhancement based upon Simmons, he has not raised a claim that may be presented in a Section 2241 Petition). As stated above, Section 2255 is not rendered inadequate or ineffective merely because an

---

United States Supreme Court determined that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257 (2016). The record, however, reveals that the Eleventh Circuit has denied Petitioner's requests for authorization to file a successive Section 2255 Motion based upon *Johnson*.

10

individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d

352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: August 19, 2016.

/s/ Omar J. Aboulhosn
Omar J. Aboulhosn
United States Magistrate Judge